**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JERMAINE SMITH**,

        Plaintiff,

v.

**STEPHEN D'ILIO, et al.**,

        Defendants.

Civil Action No. 16-7633 (ZNQ) (TJB)

**MEMORANDUM AND ORDER**

**QURAISHI, District Judge**

This matter comes before the Court on *pro se* Plaintiff Jermaine Smith's ("Plaintiff") motion for the appointment of *pro bono* counsel. (*Pro Bono* Mot., ECF No. 161.) The Court has fully reviewed Plaintiff's submissions and considers the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons below, Plaintiff's motion is denied.

**I.    BACKGROUND**

Plaintiff is currently an inmate at New Jersey State Prison in Trenton, New Jersey. (*See* Pl.'s Change of Address, ECF No. 153.) On October 24, 2016, Plaintiff filed a *pro se* prisoner civil rights action against various prison officials and medical professionals pursuant to 42 U.S.C. § 1983. (Pl.'s Pet., ECF No. 1.) On February 19, 2019, Plaintiff filed an amended complaint. (Pl.'s Am. Pet., ECF No. 35.) Defendant, Dr. Abu Ahsan ("Ahsan"), filed his answer to the complaint on June 26, 2019. (Ahsan Answer, ECF No 52.) On January 27, 2020, defendant nurse Joseph Rakoczy ("Rakoczy"), filed a *pro se* answer to the amended complaint. (Rakoczy Answer, ECF No. 69.) Counsel for the prison official defendants filed their answer on March 19, 2020. (Prison Answer, ECF No. 75.) On July 2, 2020, Margaret M. Raymond-Flood, Esq. ("Raymond-

Flood"), also representing defendant Ahsan, entered a notice of appearance on behalf of defendant Rakoczy. (Raymond-Flood Appearance, ECF No. 89.) Defendant Rakoczy, through his attorney, filed an amended answer to the amended complaint on September 4, 2020. (Rakoczy Am. Answer, ECF No. 92.)

On April 12, 2022, the Court ordered the parties to file dispositive motions by May 27, 2022. (ECF No. 129.) Over the next month, Plaintiff and Defendants filed, and were granted, extensions of time within which to file dispositive motions. (*See* ECF Nos. 131, 132, 133, 134, 135, 136.) On July 8, 2022, all Defendants filed summary judgment motions. (ECF Nos. 138, 142.) Plaintiff was ordered to file his opposition by November 21, 2022, and Defendants' reply briefs were due no later than November 28, 2022. (ECF No. 148.) The motions were administratively terminated on October 3, 2022, pending Plaintiff's review of the DVD video that was submitted as Exhibit D to the state Defendants' motion for summary judgment. (*See* ECF No. 145.) The summary judgment motions were reopened on November 9, 2022, (ECF No. 148), and subsequently terminated by the Court on June 5, 2023 pending outstanding discovery (ECF No. 150.) The civil case was later administratively terminated on March 20, 2024, pending receipt of Plaintiff's updated address. (ECF No. 152.) The case was reinstated on July 19, 2024, along with the pending summary judgment motions. (ECF No. 154.) On October 29, 2024, Plaintiff filed the instant motion for the appointment of *pro bono* counsel. (*Pro Bono* Mot., ECF No. 161.)

II.   **LEGAL STANDARD**

Indigent litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *See Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997)); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (civil litigants "have no statutory right to appointed counsel."). Nevertheless, "[t]he court may

request an attorney to represent any person unable to afford counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing 28 U.S.C. § 1915(e)(1)).

Section 1915(e) confers "broad discretion" on a court "to request an attorney to represent an indigent civil litigant." *Tabron*, 6 F.3d at 153. In exercising that discretion, the Court first "must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. Upon finding that "the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* Those include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determination will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id.* at 155-157; *Parham*, 126 F.3d at 457-58.

Other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of pro bono counsel. *Jenkins v. D'Amico*, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58). Courts are to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

### III. **DISCUSSION**

Applying the *Tabron* factors to the present case, the Court has determined that Plaintiff's claims have sufficient merit to proceed because several claims in his amended complaint survived the Court's *sua sponte* screening under 28 U.S.C. § 1915(e). (*See* Opinion, ECF No. 6.) Plaintiff

has been granted permission to proceed *in forma pauperis* in this action (IFP Appl., ECF No. 2), which weighs in favor of his inability to afford counsel on his own behalf. However, the Court finds that appointment of counsel is not currently warranted because Plaintiff has not demonstrated that the legal issues are sufficiently complex to warrant the appointment of counsel. Rather, it appears that this matter presents relatively straightforward legal issues and is not unusually complex. And, more importantly, Plaintiff appears capable of presenting his case without the assistance of counsel. He has, on numerous occasions, filed motions on his own behalf and even had the wherewithal to request a *Procedural Guide for Pro Se Litigants* from the Court (ECF No. 15.) In addition, on May 15, 2018, Plaintiff appeared *pro se* for a hearing on his motion for an extension of time to file an amended complaint, where he made compelling arguments that resulted in the Court granting his motion. (ECF No. 26.) Plaintiff has also indicated that he has access to paralegals within the New Jersey State Prison that are able to assist him with the prosecution of his case. (*See* ECF No. 23, 27, 143.) Plaintiff's submission of the instant motion does not relieve him of his obligation to submit his opposition brief. Accordingly, the Court will deny without prejudice the request for *pro bono* counsel, subject to renewal if appropriate.

Plaintiff has 30 days from the date of this Order to submit an opposition brief to Defendants' motions for summary judgment. In light of the age of this case, this will be Plaintiff's <u>final opportunity</u> to submit his opposition brief and no further extensions will be provided. Upon receipt of Plaintiff's opposition brief, Defendants shall have 10 days to submit a reply brief.

**IT IS THEREFORE**, on this 4th day of November 2024,

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (*Pro Bono* Mot., ECF No. 161) is DENIED without prejudice; and it is further

**ORDERED** that within 30 days of the date of this Order, Plaintiff shall submit his opposition brief to Defendants' summary judgment motions; the Court will rule on the summary judgment motions if Plaintiff does not submit his opposition brief within 30 days of the date of this Order and no further extension shall be provided; and it is further

**ORDERED** that Defendants may submit a reply brief within 10 days thereafter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail at his last known address.

                                                     _s/ Zahid N. Quraishi_  
                                                   **ZAHID N. QURAISHI**  
                                                   **UNITED STATES DISTRICT JUDGE**